CULPEPPER IP, LLLC
Kerry S. Culpepper, Bar No. 9837
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawai'i 96740
Telephone:  (808) 464-4047
Facsimile:   (202) 204-5181
E-Mail:      kculpepper@culpepperip.com

Attorney for Owner/Requestor
Wicked Nevada, LLC

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re Subpoena to </br></br>Hawaiian Telcom | **Case No.: 1:19-mc-286**</br>(Copyright)</br></br>APPLICATION FOR 512(h)</br>SUBPOENA |

APPLICATION FOR 512(h) SUBPOENA

TO: CLERK OF THE ABOVE-ENTITLED COURT:

Pursuant to 17 U.S.C. §512(h) (hereafter: "512(h)"), Wicked Nevada, LLC (hereafter: "Owner") hereby applies for issuance of a subpoena to Hawaiian Telcom (the service provider) to identify alleged infringers (the individuals at IP addresses identified in Exhibit 1) of Owner's Copyright protected motion picture.

1

512(h) provides the copyright owner with a mechanism to request a subpoena from this Court. Particularly, 512(h)(1) provides:

> (1)Request.—
>
> A copyright owner or a person authorized to act on the owner's behalf may request the clerk of any United States district court to issue a subpoena to a service provider for identification of an alleged infringer in accordance with this subsection.

As stated in the Declaration of Counsel, the undersigned represents the Owner of the Copyright protected subject matter.

512(h)(2) provides:

> (2)Contents of request.—The request may be made by filing with the clerk—
>
> (A) a copy of a notification described in subsection (c)(3)(A);
>
> (B) a proposed subpoena; and
>
> (C) a sworn declaration to the effect that the purpose for which the subpoena is sought is to obtain the identity of an alleged infringer and that such information will only be used for the purpose of protecting rights under this title.

The undersigned provided a copy of the notification described in subsection (c)(3)(A) [*See* Exhibit "2"], a proposed subpoena and the sworn declaration.

512(h)(3) provides:

> (3) Contents of subpoena.—
>
> The subpoena shall authorize and order the service provider receiving the notification and the subpoena to expeditiously disclose to the copyright owner or person authorized by the copyright owner information sufficient to identify the alleged infringer of the material described in the notification to the extent such information is available to the service provider.

The proposed subpoena is in accordance with 512(h)(3).

512(h)(4) provides:

(4) Basis for granting subpoena.—

If the notification filed satisfies the provisions of subsection (c)(3)(A), the proposed subpoena is in proper form, and the accompanying declaration is properly executed, the clerk shall expeditiously issue and sign the proposed subpoena and return it to the requester for delivery to the service provider.

As the undersigned has provided the notification, the proposed subpoena in proper form, and the properly executed declaration, the clerk must issue and sign the proposed subpoena. 512(h)(4) provides that *the Clerk*, not a Judge should issue and sign the proposed subpoena.

512(h)(6) provides that "…the procedure for issuance and delivery of the subpoena…shall be governed to the greatest extent practicable by those provisions of the Federal Rules of Civil Procedure governing the issuance, service, and enforcement of a subpoena duces tecum". That is, 512(h)(6) provides that the procedures for the Rule 45 subpoena shall govern. The proposed subpoena is a Rule 45 subpoena.

The DC Circuit has determined that a subpoena under 512(h) "may be issued only to an ISP engaged in storing on its servers material that is infringing or the subject of infringing activity." *Recording Indus. Ass'n of Am., Inc. v. Verizon Internet Servs., Inc.*, 351 F.3d 1229, 1233 (D.C. Cir. 2003). The Eighth Circuit adopted the reasoning of the DC Circuit and concluded that 512(h) only applies to ISPs that directly store, cache, or provide links to infringing material. *See In re Charter Communications, Inc.*, 393 F.3d 771, 776-77 (8th Cir. 2005). Both of these decisions

turned on the conclusion that the notification described in subsection (c)(3)(A) could not be applied to an ISP that acts as a conduit. The Ninth Circuit has not yet concluded whether 512(h) applies to ISPs that function as a conduit for infringing material. However, the Fourth Circuit recently concluded that notifications similar to those described in subsection (c)(3)(A) were sufficient to trigger an ISP's loss of the DMCA safe harbor. *See BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 881 F.3d 293, 300 (4th Cir. 2018). Accordingly, Owner respectfully submits that the Ninth Circuit would likely conclude that 512(h) does also apply to ISPs that are conduits to infringing material.

Moreover, each of the IP addresses shown in Exhibit 1 are serving as BitTorrent Client peer identifications for providing links to infringing material. Therefore, the ISP is providing links to an online location containing infringing material or infringing activity as defined in 17 U.S.C. §512(d). Both *Verizon* and *Charter* concede that 512(h) applies to such ISPs.

> As Verizon correctly notes, however, the ISP activities described in §§ 512(b) and (d) are storage functions. As such, they are, like the ISP activities described in § 512(c) and unlike the transmission functions listed in § 512(a), susceptible to the notice and take down regime of §§ 512(b)-(d), of which the subpoena power of § 512(h) is an integral part. *Verizon* at 1237.

For these reasons, the undersigned request that the Clerk of the Court expeditiously issue and sign the proposed subpoena and return it to the undersigned via ECF to be served on the service provider Hawaiian Telcom.

DATED: Kailua-Kona, Hawaii, July 30, 2019.

                        CULPEPPER IP, LLLC

                        <u>/s/ Kerry S. Culpepper</u>
                        Kerry S. Culpepper

                        Attorney for Owner/Requestor